IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KIMBERLEE SCHAEFER,

        Plaintiffs,

    v.

INVENTS COMPANY LLC,

        Defendant.

Case No. 3:17-cv-00559-SB

**FINDINGS AND RECOMMENDATION**

**BECKERMAN, Magistrate Judge.**

    Kimberlee Schaefer ("Plaintiff") brings this action against Invents Company LLC ("Defendant"), alleging claims of improper and deceptive invention promotion in violation of 35 U.S.C. §§ 297(a) and (b), and state law fraud, contract, and business name registration claims. (ECF No. 1.) Plaintiff now moves for entry of default judgment, pursuant to Federal Rule of Civil Procedure 55(b). (ECF No. 16.) The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331. For the reasons that follow, the Court recommends that the district judge grant Plaintiff's motion for default judgment.

## BACKGROUND

Plaintiff invented a sound-dampening attachment for electronic hair clippers that she refers to as "The Silencer." (Compl. ¶ 16.) Defendant is an "invention promoter" that purports to provide "invention promotion services" to assist inventors with patenting and licensing their inventions for manufacturing. (Compl. ¶ 10.) Defendant promised to promote Plaintiff's invention. (Compl. ¶ 18.)

Plaintiff entered into a contract with Defendant to secure Defendant's invention promotion services. (Compl., Ex. 3.) She entered into that contract in reliance on Defendant's false statements about its ability to market her invention and about its success on behalf of other inventors. (Compl. ¶¶ 34-36, 38-39.) Defendant failed to disclose all of the information required under 35 U.S.C. § 297(a) before entering into that agreement. (Compl. ¶ 24.) Defendant also failed to perform the services promised in the contract. (Compl. ¶¶ 30-31.) Additionally, Defendant was doing business in Oregon under an unregistered name. (Compl. ¶ 40.)

As a result of Defendant's actions, Plaintiff's invention was published before Plaintiff secured a patent or other safeguard over her intellectual property. (Compl. ¶¶ 20-22.) She suffered economic loss as a result.

Plaintiff filed a complaint on April 7, 2017. (ECF No. 1.) She served Defendant on May 23, 2017. (ECF No. 10.) Defendant has not appeared in this action.

On May 23, 2017, Plaintiff moved for entry of default. (ECF No. 11.) Plaintiff served Defendant with a Request for Default. (ECF No. 12.) Defendant did not respond. Pursuant to the Court's order, the Clerk of Court entered default on June 8, 2017. (ECF Nos. 14, 15.) Plaintiff filed a motion for default judgment on September 14, 2017, with a declaration from patent attorney J. Curtis Edmondson supporting her requested monetary relief. (Mot. Default J.)

## ANALYSIS

### I. STANDARD OF REVIEW

Pursuant to Rule 55(a), the Clerk of Court is required to enter an order of default if a party against whom affirmative relief is sought fails timely to plead or otherwise defend an action. Fed. R. Civ. P. 55(a). "The general rule is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (citations omitted); *see also City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011) ("[E]ntry of a default, while establishing liability, 'is not an admission of damages[.]'") (citation omitted).

Rule 55 "provides that after the clerk's entry of default against a defendant, a court may enter default judgment against that defendant." *FirstBank P.R. v. Jaymo Props., LLC*, 379 F. App'x 166, 170 (3d Cir. 2010). "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In exercising this discretion, district courts in the Ninth Circuit consider the factors articulated in *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986). *See U.S. v. Panter*, No. 11–cv–03052, 2012 WL 2367369, at *4 (D. Or. May 24, 2012). The *Eitel* factors are: (1) the possibility of prejudice to Plaintiff; (2) the merits of Plaintiff's substantive claims; (3) the sufficiency of the operative complaint; (4) the sum of money at stake in the litigation; (5) the possibility of dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel*, 782 F.2d at 1471–72. The "starting point" of the district court's analysis, however, "is the general rule that default judgments are ordinarily disfavored." *Id*. at 1472.

## II. DISCUSSION

### A. Entry of Default Judgment

The first three *Eitel* factors weigh in favor of entering default judgment. Plaintiff would be prejudiced if default judgment was not entered, as she has no alternative means of resolving her claims against Defendant. *See, e.g., Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010) ("[W]here a defendant's failure to appear makes a decision on the merits impracticable, if not impossible, entry of default judgment is warranted.") (internal quotations omitted). As to the second and third factors, Plaintiff's complaint states claims on which she may recover, and provides factual allegations that establish the elements of those claims. *See Danning v. Levine*, 572 F.2d 1386, 1388 (9th Cir. 1978) (explaining the second and third *Eitel* factors).

With regard to the fourth *Eitel* factor—the sum of money at stake—a court considers the amount sought "in relation to the seriousness of [the defendant's] conduct." *PepsiCo., Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Here, Plaintiff seeks $348,450. That sum includes $105,000 for the deceptive invention promotion claims, which Plaintiff asks the Court to treble to $315,000; a $7,950 refund for the contract claims; $25,000 in damages for the fraud claims; and $500 in statutory damages for Defendant's violation of Oregon Revised Statute section 648.010. A large amount of money in dispute generally weighs against granting default judgment. *See Eitel*, 782 F.2d at 1472 (evaluating a multi-million dollar damage award). As explained below, the Court recommends that the district judge deny Plaintiff's request for treble damages on her federal law claim, and the $25,000 for her fraud claim. Reducing Plaintiff's request accordingly results in a $113,450 damage award. Although still significant, this amount is appropriately balanced with Defendant's wrongdoing in light of the evidence of Plaintiff's losses.

The fifth and sixth *Eitel* factors, which consider potential factual disputes and whether a defendant's nonappearance arises from excusable neglect, also weigh in favor of entering default judgment. Default was entered against Defendant and therefore all factual allegations in Plaintiff's well-pleaded complaint are to be taken as true. *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). Thus, no disputes of fact are before the Court. There is also no indication that Defendant's failure to appear is due to excusable neglect. Plaintiff served her complaint and Request for Default on Defendant using the address the company provided on its website. (Aff. of Serv.; Mot. Default J., Ex. 3 at 2.) Defendant has not responded to either filing.

The seventh *Eitel* factor, which addresses the public policy favoring merits decisions, weighs against default judgment in this case, as it does in every case. That factor, standing alone, is not dispositive, particularly in cases where a defendant fails to appear. *See PepsiCo., Inc.*, 238 F. Supp. 2d at 1177 ("[T]he mere existence of [Rule 55(b)] indicates that this preference, standing alone, is not dispositive."). Taken as a whole, the *Eitel* factors support entering default judgment.

### B. Calculation of Damages

In entering default judgment, a court must accept the plaintiff's facts in the complaint as true, but the plaintiff must still prove damages. *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). "The plaintiff is required to provide evidence of its damages, and the damages sought must not be different in kind or amount from those set forth in the complaint." *Amini Innovation Corp. v. KTY Int'l Mktg.*, 768 F. Supp. 2d 1049, 1054 (C.D. Cal. 2011). "In determining damages, a court can rely on the declarations submitted by the plaintiff[.]" *Philip Morris USA Inc. v. Castworld Prod., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003).

Plaintiff supports her remedy request with a declaration from a licensed patent attorney, as well as customized marketing materials created by Defendant. (Edmonson Dec.; Schaefer Dec.) Those materials provide sufficient information to support this Court's assessment of damages.

The majority of Plaintiff's requested damages stem from her claims that Defendant violated 35 U.S.C. § 297. That statute provides that an injured customer may recover actual damages from an invention promoter who violates the law's provisions. 35 U.S.C. § 297(b)(1)(A). It also states that a court may "increase damages to not more than three times the amount awarded" upon finding that the promoter acted intentionally or willfully and with the purpose of deceiving the customer. *Id.* at § 297(b)(2). In deciding whether to treble the damage award, the court must take into account "past complaints made against the invention promoter that resulted in regulatory sanctions or other corrective actions. . . ." *Id.* Plaintiff has not provided any facts to support a finding that increased penalties are appropriate here. Accordingly, this Court recommends that the district judge award $105,000 in damages for Defendant's federal law violations.

Plaintiff requests $25,000 to compensate her for the delay in moving her invention to market caused by Defendant's fraud. (Mot. Default J. at 6.) She offers no evidentiary support for this request. The Court recommends that the district judge exclude this amount from the damages award.

Plaintiff also seeks $7,950 in compensatory damages for Defendant's breach of contract. She filed a copy of the contract and a declaration stating that she paid that sum to Defendant. (Compl., Ex. 3; Mot. Default J., Attach. 1.) The submitted evidence is sufficient to support the alleged contract damages. Additionally, Plaintiff requests $500 in statutory damages arising out

of Defendant's failure to register its business name, in violation of Oregon law. Plaintiff's request is authorized by Oregon Revised Statute section 648.135.

## CONCLUSION

For the reasons stated, the Court recommends that the district judge GRANT Plaintiff's Motion for Default Judgment (ECF No. 16), and award her $105,000 in damages for her first and second causes of action; $7,950 in compensatory damages for her third, fourth, and fifth causes of action; and $500 in statutory damages for her sixth cause of action (for a total damage award of $113,450).

## SCHEDULING ORDER

The Court will refer its Findings and Recommendation to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, the Findings and Recommendation will go under advisement on that date. If objections are filed, a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 15th day of December, 2017.

STACIE F. BECKERMAN
United States Magistrate Judge